(68 Misc. Rep. 570.)

## McNAIR v. McNAIR.

(Supreme Court, Special Term, Kings County.  August, 1910.)

MARRIAGE (§ 60*)—ACTION TO ANNUL.

Code Civ. Proc. § 1752, providing that an action to annul a marriage for physical incapacity must be commenced before five years have elapsed. is a substantive part of the right of action; and where, on defendant's default, it appears that the action was not commenced within that time. the court has no jurisdiction.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 60.*]

Action by Mary Cochran McNair against Thomas Chalmers McNair to annul a marriage. Decree refused.

See 140 App. Div. 226, 125 N. Y. Supp. 1, for reversal of this judgment.

Philip S. Saitta, for plaintiff.

KAPPER, J. This action, brought to annul a marriage upon the ground that the defendant was physically incapable of entering into the marriage state, was commenced on the 3d day of May, 1910, upon a complaint verified on the 21st day of April, 1910, which, after alleging that the parties were married on the 23d of January, 1899, further avers that the defendant's incapacity, while known to him at the time of contracting said marriage, was "unknown to the plaintiff, who first learned thereof in the year 1907, and she left the defendant on February 26, 1910, and that said marriage has never been consummated, and that plaintiff is still a virgin."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant defaulted; and, on the inquest taken before me, the plaintiff insisted that, notwithstanding the lapse of more than 11 years since the marriage, she, having proved the defendant's incapacity at the commencement of the marriage, its continuance to date, and its incurability, is nevertheless entitled to a decree, where the defendant does not answer, in that the requirement of section 1752 of the Code of Civil Procedure that "such an action must be commenced before five years have expired since the marriage" is a matter of affirmative defense as a statute of limitations, and must be pleaded by the defendant in order to make it available; and, it not having been pleaded, the court is precluded from interposing, of its motion, the objection of the lapse of time as a bar.

I do not think that the provision of section 1752 of the Code, that such an action must be commenced before five years have expired since the marriage, is a statute of limitations, but that the requirement created thereby enters into and is a substantive part of the right or cause of action, and that a party seeking to annul a marriage upon the ground set forth by the plaintiff here must affirmatively establish, before a decree of annulment can be granted, that the action was brought within the period of five years specified by the statute. So that, when it appears affirmatively that the suit was not commenced within the prescribed time, the court, in my opinion, has no jurisdiction to pronounce a decree dissolving the marriage relation. The marriage is not void from the beginning, but is voidable, only; and public policy requires the commencement of such an action seasonably, or at least within the period beyond which the statute will not permit the commencement of the action.

If a party to a marriage annulment suit may oblige a court in case of a default to grant a decree after the lapse of five years, or, as in this case, after the lapse of eleven years, it must be assumed that the same ruling would be required, even though the lapse of time were half a century. Judgment in an action to annul a marriage cannot be granted by default, but only after plaintiff has proved all of the allegations of his complaint to the court in open court. General Rules of Practice, rules 72, 76. The date of the marriage must be alleged in the complaint in order to annul it; and, if it appears affirmatively that the marriage was contracted more than five years before the action was commenced, I think the court is bound to say that the statute is not complied with, and, therefore, refuse a decree.

The case of Kaiser v. Kaiser, 16 Hun, 602, cited by the plaintiff in support of her application for this decree, was decided under a statute limiting the time for the commencement of such an action to two years, and I do not regard that case as controlling. The present statute of five years affords such ample opportunity to a proposed plaintiff to determine his or her status that the time ought not to be lengthened beyond that by judicial decision.

Decree refused.